# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Evenstad, | Case No. 19-cv-1902 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tim Pawlenty, Rich Stanek, Joan Fabian, Mike Hatch, Minnesota Department of Corrections, State of Minnesota, John Does 1–10, Jane Does 1–5, and Peter Orput, | |
| Defendants. | |

Plaintiff Thomas Evenstad is currently serving a sentence for sending threatening communications. He is incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota. Evenstad initiated this civil action against numerous defendants alleging that he is entitled to compensation because Minnesota officials did not heed his advice in 2003 to implement GPS tracking for people released from prison with a high risk of sexually violent behavior. (*See* Compl. [Doc. No. 1].) He claims that as a direct result of ignoring his advice, a sexually dangerous individual was released from prison and subsequently murdered Dru Sjodin. His complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

Although Evenstad qualifies financially to proceed *in forma pauperis* ("IFP"), the undersigned recommends that his complaint be dismissed for failure to state a claim. An IFP application will be denied, and an action will be dismissed, when an IFP applicant

1

has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn,* 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Still, the claims raised by a plaintiff must at least be sufficiently pleaded to put the defendants on notice of the claims being brought against them.  In this case, no potential defendant could be said to be put fairly on notice of the claims that might be brought against them.  Evenstad's complaint begins with a 14-page narrative that intermixes discussion of his innocence, public policy, and Dru Sjodin's murder.[1]  (Compl. at 1-15.)  Evenstad then

---

[1] The Complaint contains bizarre statements, such as: "Evenstad's secondary motivations are for the general public, and the millions of good people around the entire world who

enumerates eight distinctive bases for relief, although one (No. 7) is a catchall for any and all claims he may have overlooked. (Compl. at 15-16.) The Court will briefly address each of the other seven claims to illustrate why a recommendation of dismissal is appropriate.

First, Evenstad claims that he suffered intentional infliction of emotional distress because of Dru Sjodin's murder. As pleaded, this claim fails for at least two reasons. First, Evenstad does not specifically associate this blanket allegation with actions taken by any specific Defendant. This violates Rule 8 of the Federal Rules of Civil Procedure, because the blanket allegation of emotional distress is not sufficient to put any Defendant on notice of what harmful conduct is at issue. Second, there is no federal cause of action for intentional infliction of emotional distress, and there is no other jurisdictional reason for this Court to entertain the claim.[2]

Second, Evenstad alleges that his due process rights were violated. He provides no explanation for who violated his due process rights, however, or how any Defendant committed a violation, so this claim violates Rule 8.

---

were heartbroken and saddened over the cruel, unfair, evil & wicked fate that befell Dru Sjodin to know these truths which this lawsuit (and the discovery—legal 'discovery' which Evenstad will obtain via this lawsuit) and the resulting information will be made more readily available then via lawsuit with Evenstad's book: Dru Sjodin: The Untold Story[] and to finally hold state officials responsible for their actions and decisions which cost Dru Sjodin her life and deeply traumatized Evenstad, who tried valiantly, yet in vain to prevent her sexually motivated homicide." (Compl. at 13-14.)

[2] There is not diversity jurisdiction because Evenstad is presumably a citizen of Minnesota and at least some of the Defendants are Minnesota citizens. *See* 28 U.S.C. § 1332. The Court does not recommend exercising supplemental jurisdiction over this claim because none of the other claims in this action should survive screening. 28 U.S.C. § 1367.

Third, Evenstad claims he suffered First Amendment retaliation. He gives no explanation about what protected action he took, or how he was retaliated against to back this claim. Accordingly, it must be dismissed as insufficiently pleaded under Rule 8.

Fourth, he alleges violations of equal protection. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (internal quotation marks omitted). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). That is, "[a]bsent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.* Yet again, there is no factual support for this claim, so it is insufficiently pleaded. Evenstad does not claim that he is a member of a protected class who missed out on favorable treatment, so the undersigned recommends dismissal of this claim.

Fifth, Evenstad claims that the Freedom of Information Act was violated, but he provides no explanation for when or how such a violation occurred. Without any supporting factual allegations, this claim should be dismissed.

Sixth, he states there has been an obstruction of justice. Like all his other claims, he does not explain how or when an obstruction occurred. Although there are federal criminal statutes for obstruction of justice, there is no civil equivalent for a private citizen

to pursue.  See e.g. Horde v. Elliot, No. 17-cv-800 (WMW/SER), 2018 WL 987683, at *9 (D. Minn. Jan. 9, 2018) (finding that there is no private right of action for obstruction of justice) (citing Townsend v. Pub. Storage Inc., No. 1:13–cv–01600, 2014 WL 1764432, at *4–5 (N.D.N.Y. Apr. 30, 2014) (stating "Plaintiff may not bring her action as a claim for obstruction of justice under any of the statutes in the section on obstruction of justice" and citing cases); Hopson v. Shakes, No. 3:12CV–722–M, 2013 WL 1703862 at *2 (W.D. Ky. Apr. 19, 2013) (holding "[t]he federal obstruction of justice statutes, 18 U.S.C. §§ 1501 et seq., do not provide for a private cause of action or civil remedies" and citing cases)).  Accordingly, this allegation lacks any potential merit and a recommendation of dismissal is appropriate.

Finally, Evenstad seeks to recover for the wrongful death of Dru Sjodin.  It is inexplicable why Evenstad would be entitled to relief regarding the death of a complete stranger.  What is more, there is no independent federal cause of action for wrongful death that applies to the facts presented in this case.[3]  Wrongful death actions sometimes proceed in federal court when combined with other civil rights claims, but here, no such claims exist, so this claim necessarily fails.  See, e.g., G.R. ex rel. Joyce v. Union Pacific R. Co., No. 107-cv-171-LMB, 2009 WL 3248213, at *4 (E.D. Mo. Oct. 6, 2009) (remanding a case because wrongful death, negligence, and negligence per se claims were all state law claims that did not include a federal cause of action).

---

[3]  There is a federal cause of action for wrongful death under maritime law, which plainly does not apply here.  See, e.g., Miles v. Apex Marine Corp., 498 U.S. 19, 37 (1990) (holding that there is a general maritime cause of action for wrongful death of a seaman).

Accordingly, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Thomas Evenstad's Application to Proceed in District Court without Prepaying Fees or Costs [Doc No. 2] be **DENIED AS MOOT.**

3. Plaintiff Thomas Evenstad's Motion to Compel [Doc. No. 3] be **DENIED AS MOOT.**

Dated: August 21, 2019        s/ *Hildy Bowbeer*
                              Hildy Bowbeer
                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).