# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Evenstad,<br><br>      Plaintiff,<br><br>v.<br><br>Tim Pawlenty, Rich Stanek, Joan Fabian, Mike Hatch, Minnesota Department of Corrections, State of Minnesota, John Does 1–10, Jane Does 1–5, and Peter Orput,<br><br>      Defendants. | Case No. 19-CV-1902 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Thomas Evenstad, *pro se*.

SUSAN RICHARD NELSON, Unites States District Judge

      Before the Court are Petitioner Thomas Evenstad's Objections [Doc. No. 5] to the August 21, 2019 Report and Recommendation (R&R) [Doc. No. 4] filed by Magistrate Judge Hildy Bowbeer. The R&R addressed Evenstad's Complaint under 28 U.S.C. § 1915(e)(2) (2012). In the R&R, the magistrate judge recommends that the complaint [Doc. No. 1] be dismissed without prejudice, and that Evenstad's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2] and Motion to Compel [Doc. No. 3] be denied as moot. For the reasons set forth below, the Court overrules Evenstad's Objections, adopts the R&R in its entirety, and dismisses the Complaint without prejudice.

## I. BACKGROUND

Plaintiff Thomas Evenstad is serving a sentence for sending threatening communications. He is incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota.

Evenstad initiated this civil action alleging that he is entitled to compensation because in 2003 Minnesota officials did not heed his advice to implement GPS tracking for persons released from prison with a high risk of sexually violent behavior. (*See* Compl. [Doc. No. 1].) He claims that as a result of ignoring his advice, an individual with a high risk of sexually violent behavior was released from prison without GPS tracking and subsequently murdered Dru Sjodin.

## II. MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

As relevant to Evenstad's Objections, in the R&R, the magistrate judge ruled that Evenstad failed to state claims on which relief may be granted, and thus, that the Complaint should be dismissed without prejudice. The magistrate judge assessed each of the eight claims individually. The magistrate judge noted that while pro se complaints are construed liberally, the facts were not pled sufficiently to put the defendants on notice of the claims being brought against them. Accordingly, the magistrate judge denied Evenstad's Application to Proceed in District Court without Prepaying Fees or Costs and Evenstad's Motion to Compel.

## III. EVENSTAD'S OBJECTIONS

Plaintiff's objections must be read liberally in light of his pro se status. *See Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (citing *Haines v. Kerner*, 404 U.S. 519,

520 (1972)). Evenstad's primary argument is that he be appointed counsel to assist him in amending his complaint. (*See* Pl. Obj. [Doc. No. 5] at 1.) He contends that if the court appoints him counsel, he will "amend the Complaint to show the Court exactly the information the Court claims Evenstad hasn't shown." (*Id.* at 4.) Additionally, Evenstad restates his claims that the Defendants ignored his GPS tracking proposal, stole that idea, touted it as their own, violated his Constitutional right to Due Process, retaliated against him, and caused intentional infliction of emotional distress. (*Id.*) Evenstad also attached a Motion to Compel the production of the Complaint by Dru Sjodin's family. (*Id.* at 5.)

## IV. DISCUSSION

The district court must undertake an independent, de novo review of those portions of the R&R to which a party has properly objected. D. Minn. L.R. 72.2(b). In that review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (2012); *accord* D. Minn. L.R. 72.2. Under Local rule 72.2, objections must be "specific." D. Minn. L.R. 72.2(b)(1).

Throughout his objections Evenstad argues that the court must appoint him counsel. Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court considers are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the court

3

would benefit from having the litigant represented by counsel. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). Here, the Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel.

Evenstad objected to the dismissal of his claims, but he does not introduce new information to substantiate his claims. (*See* Pl. Obj. [Doc. No. 5] at 4.) Instead, he restates what he believes to be "the central truths" asserted in his complaint. (*Id.* at 2, 4.) However, the law states that a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Thus, as the magistrate judge correctly noted, Evenstad failed to state a cause of action on which relief may be granted. Accordingly, the Court overrules Evenstad's Objections, adopts the R&R, and dismisses the Petition without prejudice.

## V. CONCLUSION

Based on the submission and the entire file and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation [Doc. No. 4] is adopted in full;
2. This matter is **DISMISSED WITHOUT PREJUDICE**;
3. Plaintiff Evenstad's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED AS MOOT**;
4. Plaintiff Evenstad's Motion to Compel [Doc. No. 3] is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 18, 2019

                                                               <u>s/Susan Richard Nelson</u>
                                                               SUSAN RICHARD NELSON
                                                               United States District Judge